1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER SCOTT REEDER,

Petitioner,

v.

TIM GARRETT, *et al.*,

Respondents.

Case No. 3:23-cv-00157-ART-CLB

ORDER

12    Christopher Scott Reeder has submitted a *pro se* petition for a writ of
13  habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1-1.) The Clerk of Court
14  will be ordered to docket the petition. Having screened the petition under Rule 4
15  of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court
16  concludes that the petition contains factual allegations that demonstrate the
17  possibility of constitutional error and, therefore, will direct the Clerk to serve it
18  on Respondents. For reasons discussed below, however, Respondents will not
19  be required to respond to the petition pending a determination whether Reeder
20  can show cause why the petition should not be dismissed as unexhausted and
21  premature.

22    With his petition, Reeder is challenging a judgment of conviction entered
23  in the Eighth Judicial District Court (Clark County) for Nevada adjudicating
24  him guilty of two counts of sexual assault of a minor under age 14 and two
25  counts of lewdness with a child under the age of 14. (ECF No. 1-1 at 4.) The
26  Nevada Court of Appeals entered its order affirming the judgment on May 25,

27
28

1

2021.[1] Reeder indicates in his petition that he filed a petition for post-conviction relief in the Eighth Judicial District Court on May 26, 2022. (ECF No. 1-1 at 1.) It appears that the state district court dismissed the petition in November 2022, and Reeder filed a timely appeal.[2] It also appears that appellate briefing was completed in April 2023 and that the appeal is currently pending in the Nevada Court of Appeals.[3]

This Court is not permitted to adjudicate a federal habeas petition containing unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005). The grounds for relief in Reeder's petition are based on allegations of ineffective assistance of counsel. In Nevada, such claims must be raised in a post-conviction habeas corpus petition and are not cognizable on direct appeal. *See Pellegrini v. State*, 34 P.3d 519, 534 (Nev. 2001). Thus, Reeder's claims remain unexhausted.

In all likelihood, Reeder has filed his federal petition out of concern about the time limitation imposed by 28 U.S.C. § 2244(d)(1)(A). Under that provision, a state prisoner must file a federal habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." While it has been well over a year since Reeder's conviction became final, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2).

The period of "direct review" after which the state conviction becomes final under § 2244(d)(1)(A) includes the 90-day period to file a petition for a writ of certiorari in the United States Supreme Court, irrespective of whether the

---

[1] The Court takes judicial notice of the order entered by the Nevada Court of Appeals affirming Reeder's judgment of conviction on direct appeal. Case No. 81200.
[2] Case No. 85696.
[3] *Id.*

petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (holding that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied)." Consequently, the one-year period for Reeder to file his federal petition began 90 days after the Nevada Court of Appeal's affirmance of his judgment of conviction – i.e., August 25, 2021.

If a state post-conviction petition is not timely under state law it is not "properly filed" for the purposes of § 2244(d)(2) and, therefore will not toll the federal one-year filing period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Also, "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" and ask for a stay under *Rhines*.[4] *Id.* at 216. But that does not appear to be a concern here. The Nevada Supreme Court issued its remittitur for Reeder's direct appeal on June 21, 2021.[5] If Reeder filed his state post-conviction petition on May 26, 2022, as he reports, it was "properly filed" under § 2244(d)(2). *See* Nev. Rev. Stat. § 34.726 (requiring a petition challenging the validity of a judgment or sentence to be filed within one year of the issuance of the appellate court's remittitur).

Based on the foregoing, Reeder has approximately 25 days of his one-year federal filing period remaining. In addition, the statute of limitations will not begin to run again until his current state post-conviction proceeding concludes when the Nevada appellate court issues its remittitur. *See Orpiada v. McDaniel*, 750 F.3d 1086, 1088 n. 1 (9th Cir. 2014). This Court is not inclined to have this

---

[4] *Rhines* provides the standards under which a federal court may exercise its discretion to stay, rather than dismiss, an unexhausted habeas petition. 544 U.S. 269.

[5] Case No. 85696.

1   case sit on its docket indefinitely if Reeder is not in danger of missing his

2   § 2244(d)(1) deadline. For one, he may obtain the relief he seeks in state court,

3   which would make his federal petition moot.

4       On the other hand, Reeder may have legitimate timeliness concerns that

5   have not been presented to the Court. Thus, the Court will give Reeder an

6   opportunity to show cause why this case should not be dismissed as

7   unexhausted and premature. Reeder can accomplish this by demonstrating

8   that, despite the information above, he has valid reasons to be concerned about

9   being able to file a timely federal petition if this case is dismissed without

10  prejudice.

11      It is therefore ordered that the Clerk is directed to **file** and **electronically**

12  **serve** the petition (ECF No. 1-1) on the Respondents; and **add** Aaron D. Ford,

13  Nevada Attorney General, as counsel for Respondents. Pending further orders,

14  Respondents are not required to formally appear in this case or respond to the

15  petition.

16      It is further ordered that the Clerk **provide** Respondents an electronic

17  copy of all items previously filed in this case by regenerating the Notice of

18  Electronic Filing to the office of the AG only.

19      It is further ordered that Reeder has **30 days** from the date that this

20  order is entered to show cause why his petition should not be dismissed

21  without prejudice as unexhausted and premature. Failure to respond within the

22  time allowed or show good cause for an extension will result in dismissal

23  without further notice.

24

25

26

27

28

4

It is further ordered that all assertions of fact made by Reeder in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. Reeder should attach copies of all materials upon which he bases his argument that his petition should not be dismissed as unexhausted and premature.

DATED THIS 12th day of May, 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

5